UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 26-mj-99 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO STRIKE APPEARANCE OF GOVERNMENT'S COUNSEL** |
| Davis Redmond | |
| Defendant. | |

Defendant moves this Court to strike the appearance of government's counsel John Arboleda. Mr. Arboleda is a U.S. Army Judge Advocate for the United States Army, and U.S. military lawyers are prohibited from performing civilian law enforcement under the Posse Comitatus Act. Defendant respectfully requests that the Court strike the appearance of Mr. Arboleda and preclude his further participation in this case.

**I.    POSSE COMITATUS ACT BARS MR. ARBOLEDA'S PARTICIPATION IN THIS CASE.**

**A.    The Posse Comitatus Act Precludes Military Participation In Domestic Law Enforcement.**

The Posse Comitatus Act provides: "[w]hoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C.S § 1385. It is "clear from the

legislative history" of 18 U.S.C. § 1385, by enacting this statute and by using the clause "uses any part of the Army or the Air Force as a posse comitatus or otherwise" Congress intended to prevent the use of federal troops to participate in domestic law enforcement. *United States v. Red Feather*, 392 F. Supp. 916, 923 (D.S.D. 1975).

The Posse Comitatus Act forbids the direct, active use of troops against civilians. *Id*. at 922. The Act does not prohibit the military from engaging in *passive* roles which might *indirectly* aid law enforcement, however. *Id*. at 925 (emphasis in original). Such passive and indirect activities may include: military personnel providing advice or recommendations to civilian law enforcement officers on tactics or logistics; military personnel delivering military material, equipment, or supplies, and training local law enforcement officials on the proper use and care of such material, equipment, or supplies; preparing contingency plans to be used if military intervention is ordered; and other like activities. *Id*.

On February 27, 2013, the DoD issued its Instruction 3025.21, which delineates, among other things, the participation of DoD personnel in civilian law enforcement activities. It lists the "permissible direct assistance" with civilian law enforcement allowed under the Posse Comitatus Act. *See* Instruction 3025.1, Enclosure 3. None of these permissible areas of assistance include federal criminal prosecutions of the type brought here.

On March 5, 2020, the Department of Defense issued DoD Instruction 5525.07 titled, "Implementation of the Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes"

which established an understanding between the Department of Defense and Department of Justice regarding prosecuting individuals in matters where both agencies have jurisdiction over the underlying matter. In those matters, the Department of Justice may designate Department of Defense attorneys as Special Assistant United States Attorneys ("SAUSA"). *Id*. Importantly, there is no provision authorizing Department of Defense attorneys as SAUSAs where the Department of Defense lacks jurisdiction. *Id*. This omission is intentional. The Departments of Defense and Justice recognize that using military attorneys to prosecute civilians violates 18 U.S.C. § 1385. As such, there is no plausible reason a U.S. Army Judge Advocate should be prosecuting Mr. Redmond in a Minnesota court.

      **B.**    **Because Mr. Arboleda's Prosecution of Mr. Redmond Violates the Posse Comitatus Act, His Appearance Should Be Stricken.**

Mr. Arboleda is, upon information and belief, currently serving as active-duty military legal counsel in the United States Army as a U.S. Army Judge Advocate. In this case, however, Mr. Arboleda is appearing as counsel for the United States of America against a civilian, in a civilian court proceeding in the District of Minnesota, as a "Special Assistant United States Attorney" or SAUSA.

Defendant is accused of violating 18 U.S.C. § 111, for "assaulting, resisting, or impeding" a Customs and Border Patrol employee. These charges have nothing to do with the United States Army. Customs and Border Patrol employees are not part of any military branch. Therefore, the Department of Defense ("DoD") does not have jurisdiction here.

And the Department of Defense understands that it cannot prosecute cases for which it lacks jurisdiction, as the above-cited DoD Instructions make clear.

Moreover, an active-duty military lawyer prosecuting a case on behalf of the United States of America against a civilian is not merely engaged in a passive, indirect role in civilian law enforcement efforts. Mr. Arboleda is not providing advice or recommendations to local civilian law enforcement officers. Mr. Arboleda is not delivering military material, equipment, or supplies. Mr. Arboleda is not training local law enforcement officials on the proper use and care of any such military material, equipment, or supplies. Mr. Arboleda is not preparing contingency plans to be used if military intervention is so ordered. Mr. Arboleda is not engaged in activities like those exceptions delineated in the DoD Instructions. Mr. Arboleda is engaged in a direct, active use of military personnel against a civilian as the sole prosecutor advancing this case against Mr. Redmond. The Constitution does not authorize this, and the Posse Comitatus Act forbids it. Mr. Arboleda is *expressly prohibited* from prosecuting United States civilians in civilian courts on behalf of the United States of America.  His appearance should be stricken.

For the above-stated reasons, Mr. Arboleda's appearance in this case should be stricken and his further participation precluded.

Dated: February 19, 2026         */s/ Kevin C. Riach*
Kevin C. Riach (#0389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone: 612.203.8555
kevin@riachdefense.com
*Attorney for Defendant*

CASE 0:26-mj-00099-JMB-SGE   Doc. 24   Filed 02/19/26   Page 5 of 5