UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-99 (JMB/SGE)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DAVIS REDMOND,

        Defendant.

**GOVERNMENT'S RESPONSE TO REDMOND'S MOTION TO STRIKE APPEARANCE OF GOVERNMENT'S COUNSEL**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney ("SAUSA"), hereby submits its response in opposition to Defendant's Motion to Strike Appearance of Government's Counsel (ECF No. 24). The Government opposes this motion for the reasons set forth below.

## I.    THE POSSE COMITATUS ACT DOES NOT PROHIBIT MR. ARBOLEDA FROM PARTICIPATION IN THIS CASE.

Defendant claims that the Posse Comitatus Act ("PCA") precludes Government's Counsel, Mr. Arboleda, from participation in this case due to his status as an officer in the United States Army Judge Advocate General's Corps. (ECF No.24). The Government disagrees because the proscriptions of the PCA do not apply in this situation, and even if they did, the PCA expressly excludes

any statutory grants of authority and, as more fully set forth below, various statues authorize the appointment of military SAUSAs.

A.   Congress Has Authorized Mr. Arboleda's Participation in This Case As a SAUSA.

Under the Posse Comitatus Act ("PCA"), "[w]hoever, *except in cases and under circumstances expressly authorized by the Constitution or Act of Congress*, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws" has committed a crime. *See* 18 U.S.C. § 1385 (emphasis added).   In other words, when an Act of Congress authorizes military action in accordance with the provision above, there can be no violation of the PCA. Here, the military lawyers at issue have been detailed to a civil office, fully under the supervision of civil superiors, rendering the PCA inapplicable. Moreover, even if the PCA did apply to the detail of these SAUSAs, Congress has specifically authorized the detailing of military lawyers for use as SAUSAs to prosecute civilians for criminal violations, and thus, Redmond's motion should be denied. *See United States v. Allred*, 867 F.2d 856, 871 (1989) (holding that Army JAG serving as SAUSA did not violate PCA).

First, Army membership does not by itself trigger the PCA. Instead, to violate the PCA, one must "willfully use [] any part of the Army . . . to execute the laws . . ." 18 U.S.C. § 1385. Therefore, the key determination is whether

the detailed SAUSAs are being *used* in a military capacity to execute the laws, rather than simply focusing on the SAUSAs affiliation with a Service. The answer here is clearly no. However, even if this Court were inclined to determine that the PCA did apply, Congress has expressly authorized such details, which therefore qualify as an exception to the PCA.

Express Congressional authority for Mr. Arboleda's appointment as a SAUSA is found at 10 U.S.C. § 806(d)(1), which provides that "[a] judge advocate who is assigned or detailed to perform the functions of a civil office in the Government of the United States under Section 973(b)(2)(B) of this title may perform such duties as may be requested by the agency concerned, including representation of the United States in civil and criminal cases." *See also United States v. Allred*, 867 F. 2d at 871. Under 10 U.S.C. § 973(b)(2)(B), "[a]n officer to whom this subsection applies may hold or exercise the functions of a civil office in the Government of the United States that is not described in subparagraph (A) when assigned or detailed to that office or to perform those functions." 10 U.S.C. § 973 (b)(2)(A) expressly designates which civil offices active-duty officers in the armed forces may not hold. Mr. Arboleda's SAUSA assignment is not listed as one of those prohibited civil offices, as his position (i) is not of an elective nature (ii) does not require an appointment by the president with advice and consent by the senate, and (iii) is not a position in the Executive Schedule under sections 5312 through 5317 of title 5.

3

Thus, consistent with the express permission under 10 U.S.C § 973 and 10 U.S.C § 806(d)(1), the Attorney General has the authority to receive details of military lawyers from the Department of Defense. The Economy Act further authorizes the Attorney General to accept detailees from the same or another agency for services consistent with the terms of the statute. 31 U.S.C § 1535(a). Additionally, 28 U.S.C § 530C(a)(2), underscores that the Attorney General may "receiv[e] details of personnel [from] other branches or agencies of the Federal Government, on a reimbursable, partially reimbursable, or non-reimbursable basis." *See also* Dep't of Defense Instruction 1000.17, para. 3(a)—(b) (Apr. 26, 2022). Neither statue designates a limitation on active-duty military lawyers that can be detailed by the Secretary of Defense or received by the Attorney General to serve as SAUSAs. Accordingly, statutory and regulatory authorities confirm that the Attorney General may accept detailed military personnel to serve as SAUSAs.

Furthermore, these SAUSAs and Assistant United States Attorneys may be detailed to assist the Attorney General when the public interest so requires. 28 U.S.C. § 543. Here, Mr. John R. Arboleda is detailed as a SAUSA under 28 U.S.C § 543. Such attorneys, like Mr. Arboleda, who are specially appointed by the Attorney General under § 543, are authorized under 28 U.S.C. § 515(a) to "conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which

United States attorneys are authorized by law to conduct . . . ." 28 U.S.C. §515(a); *see also United States v. Allred*, 867 F. 2d at 871. This authorization contains no limitation on the persons whom the Attorney General may appoint, nor does it indicate any limitations on the duties which the appointee may perform. *Id*.

Indeed, the Eighth Circuit has recognized a broad reading of 28 U.S.C § 515(a), noting that § 515(a) is "not a limitation but a grant of authority that makes the powers of the Attorney general coextensive with his duties." *United States v. Wrigley*, 520 F.2d 362, 368 (8th Cir. 1975); *see also United States v. Agrusa*, 520 F.2d 370 (8th Cir. 1975); *Little v. United States*, 524 F.2d 335 (8th Cir. 1975). Notably, in *Wrigley,* the Court recognized the Attorney General's broad power, noting that "until Congress imposes limitations on the power of the Attorney General, we must accept his right to authorize, absent a violation of the constitution, special attorneys to conduct any criminal proceeding in a designated judicial district which United States Attorneys are authorized to conduct." *Wrigley*, 520 F.2d at 369. To date, Congress has not imposed any such limitation, and Redmond has not identified a constitutional violation in Mr. Arboleda's detailing as a SAUSA.

Absent the express congressional authorization detailed above, Mr. Arboleda's prosecutorial role does not violate the PCA. The legal standard in this circuit for when a PCA violation occurs is where military personnel

perform a law enforcement function that "regulates, forbids, or compels some conduct on the part of those claiming relief. A mere threat of some future injury would be insufficient." *Bissonette v. Haig*, 776 F.2d 1384, 1391 (8th Cir. 1985), *on reh'g,* 800 F.2d 812 (8th Cir. 1986), *aff'd,* 485 U.S. 264, 108 S. Ct. 1253 (1988).

The *Bissonette* court transplanted this standard from *Casper*, where the Eighth Circuit approved a standard to determine whether a PCA violation had occurred. *United States v. Casper,* 541 F.2d 1275 (8th Cir. 1976). In *Casper,* the Court's standard for when a PCA violation had occurred was where military personnel used by civilian law enforcement officers subjected citizens to the exercise of military power in such a way that is regulatory, proscriptive, or compulsory in nature, either presently or prospectively. *Id* at 1278.

Applying this standard, Mr. Arboleda's detail as a SAUSA does not violate the PCA because (1) he is assigned to the DOJ on a full-time basis (2) to perform a well-defined prosecutorial function in an entirely civilian capacity as a regularly and properly appointed SAUSA, (3) is being supervised in the work related to his detail entirely by civilian supervisors within the District of Minnesota United States Attorney's Office. In this limited capacity, Mr. Arboleda's participation in this case does not subject any citizen to the exercise of *military* power in any regulatory, proscriptive, or compulsory manner. Rather, the military's sole presence in this case comes from Mr. Arboleda's

affiliation with the United States Army. Moreover, Mr. Arboleda's authority in this case does not flow from his affiliation with the United States Army, but instead it derives exclusively from his assignment as a SAUSA.

Therefore, neither Redmond nor any other citizen is subject to any exercise of military power, let alone in a regulatory, proscriptive, or compulsory nature. In this case, Redmond is charged under 18 U.S.C. §111(a)(1) with Assault on a Federal Officer. The facts and circumstances allege Redmond committed a federal criminal offense against civilian federal law enforcement officers. There are no facts in this case involving military personnel. Moreover, Mr. Arboleda's authority in his assigned cases flows directly and exclusively from a proper federal civilian authority, the same as any other SAUSA.

Redmond relies on two Department of Defense instructions, neither of which applies.  See ECF No. 24 at 4.  First, Redmond's reliance on Department of Defense Instructions 3025.21 and 5525.07 does not change the analysis. Instruction 5525.07 sets the policy for the collaboration of the Department of Defense with the Department of Justice in investigations of Department of Defense programs, operations or personnel.  It has no relevance or applicability to the SAUSA appointment here.

Second, Instruction 3025.21 concerns Department of Defense support to civilian law enforcement agencies, engaged in law enforcement activities. It places restrictions on direct assistance in law enforcement activities to include

things like interdictions and traffic stops. The SAUSA appointment of Mr. Arboleda is not a law enforcement activity covered by this Instruction. Furthermore, Redmond has not provided any authority for the position that this internal agency policy creates any substantive rights. *See e.g. United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004) ("The *Petite* policy is a discretionary policy of the Department of Justice [that] does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution.").

Considering the long-standing presumption that Congress is aware of existing law when it passes legislation[1], and the Posse Comitatus Act's own indication that it should be interpreted in light of co-existing statutory framework, Mr. John R. Arboleda's detailing and participation in the prosecution of civilians as a SAUSA does not violate the Posse Comitatus Act.

## III.   CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny Redmond's Motion to Strike Appearance of Government's Counsel.

---

[1] *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 169, 134 S. Ct. 736, 742 (2014) citing *Hall v. United States*, 566 U.S. 506, 132 S. Ct. 1882 (2012); *see also McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013); *Parker Drilling Mgmt. Services, Ltd. v. Newton*, 587 U.S. 601, 139 S. Ct. 1881 (2019).

Dated: March 19, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ John R. Arboleda*

BY: John R. Arboleda
Special Assistant United States
Attorney

9