UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-99 (JMB/SGE)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVIS REDMOND,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Lack of Probable Cause (ECF No. 26). The Government opposes this motion for the reasons set forth below.

Redmond moves this Court to dismiss the information for lack of probable cause alleging that "through this misdemeanor prosecution the government has attempted to convert a slow-motion fender-bender on a snowy side street (for which ICE agents were at fault) into a crime." (ECF No. 26). Additionally, Redmond requests an evidentiary hearing at which he can present evidence in support of this motion, including testimony by Defendant and relevant agents. (ECF No. 26). Redmond's motion fails, however, because

he is not entitled to challenge the information based on an alleged lack of probable cause, and therefore is not entitled to an evidentiary hearing.

Federal Rule of Criminal Procedure 12 governs pretrial motions in a criminal case. Rule 12(b)(1) provides that a party may raise by pre-trial motion any defense that "the court can determine without a trial on the merits." Under Fed. R. Crim. P. Rule 12(d), the court must resolve every pretrial motion before trial "unless it finds good cause to defer a ruling" and deferral will not adversely affect a party's right to appeal." Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that "fall [] within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). Furthermore, there is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial. *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (citing *United States v. Nabors,* 45 F.3d 238 (8th Cir. 1995)). Permitting summary judgment like motions under Fed. R. Crim. P. 12(b) would enable an end-run around the calibrated framework for discovery in criminal cases. *Id.* at 607. Therefore, Rule 12 permits pretrial resolution of a motion to dismiss the indictment ***only when*** "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir.

2

2010)). In considering a motion to dismiss, a district court may not "make factual findings when an issue is inevitably bound up with evidence about the alleged offense itself." *Id.* (citing *Turner*, 842 F.3d at 605).

Here, Redmond argues that this case is an attempt by the government "to convert a slow-motion fender-bender on a snowy side street (for which the ICE agents involved were at fault). (ECF No. 26.) This argument invites the Court to take up the mantle of the ultimate factfinder in the case and engage in precisely the kind of summary judgment-like procedure that the Eighth Circuit has said is not available in criminal cases. Notably, as even Redmond acknowledges in his own motion, there is evidence demonstrating a collision with a government vehicle. The defendant makes no argument that such a collision is insufficient to constitute assault, resisting, opposing, impeding, intimidating, or interfering with officers within the meaning of the statute. The severity of the collision, the mental state of the officers, and whether the defendant's actions meet the elements of the crime charged is a matter for the fact finder.  Because Redmond's motion would require this court to resolve factual issues and therefore would require it to conduct a trial on the merits, contrary to Fed. R. Crim. P. Rule 12(b) and (d) this motion should be denied. *See Grubb*, 135 F.4th at 607.

Moreover, the Eighth Circuit has recognized that an Information generally cannot be challenged for lack of probable cause. *See United States v.*

3

*Funk*, 412 F.2d 452. 455 (8th Cir. 1969). Indeed, by the use of the information for lesser crimes, the issues of probable cause and guilt become merged and tried together. *Id* at 455. Redmond's motion cites no authority to the contrary.

Finally, the Government also notes that Judge Dulce J. Foster found probable cause to support the charges against the defendant by signing the complaint against Redmond, *see* ECF No. 1, and thus, this court has already found probable cause.

**CONCLUSION.**

Based on the foregoing, the United States respectfully requests that the Court deny Redmond's Motion to Dismiss for Lack of Probable Cause.

Dated: March 20, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney

4